# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV394-RJC-DSC

| | |
|---|---|
| NATHANIEL COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| THE DEPARTMENT OF ) | |
| VETERANS AFFAIRS, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss and Response to All Pending Motions and Memorandum in Support ..." (document #21) filed March 10, 2009; the pro se Plaintiff's "... Response ..." (document #23); and a series of Motions filed by the pro se Plaintiff : a "Motion for Expedited Hearing" (document #10); a "Motion for Removal of Traffic Violation Pending in State Court" (document #11); a second "Motion for Expedited Hearing" (document #14); "Motion to Object to Any Further Extension" (document #17); and a "Motion to Request a Jury Trial" (document #22).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Defendant's Motion to Dismiss be granted. Moreover, having concluded that there is no basis for the Court to exercise subject-matter jurisdiction over the Plaintiff's claims, the undersigned will deny as moot the Plaintiff's

nondispositive Motions listed above.[1]

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 21, 2008, Plaintiff Nathaniel Cooper, who is apparently a Vietnam veteran, filed his pro se Complaint claiming that the Department of Veterans Affairs (hereinafter the "VA") acted intentionally and illegally in denying the his claim for VA benefits, violated his constitutional and civil rights, and harmed his reputation in the community. The Complaint seeks jail time for all individuals involved, correction of any erroneous documents, retroactive pay and benefits from March 16, 1974, as well as compensatory damages for negligence and illegal acts in the amount of $10 million plus punitive damages.

On March 10, 2009, the VA filed its Motion to Dismiss, contending that judicial review of individual VA benefits decisions must be brought in the United States Court of Appeals for Veterans Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court; and that, accordingly, this Court lacks subject-matter jurisdiction.

In his Response, Plaintiff amplified his allegations contending that he seeks damages from May 16, 1974 because that is the birth date of his son, who allegedly suffers "symptoms of Plaintiff's exposure to Agent Orange." Plaintiff also claims generally that the VA has subjected him to "illegal wire tap, illegal surveillance and harassment, [and] torture in Plaintiff's home and other locations and that these issues are interwoven and commingled" with his VA benefits claim. The Plaintiff requests that "if for any reason this Court does not decide this case ... that it be sent to the Federal

---

[1] The pro se Plaintiff has also filed four Motions for Summary Judgment (documents ##13, 19, 20, and 23), which are not referred to the undersigned. However, in light of the absence of subject-matter jurisdiction over Plaintiff's claims, discussed below, it is apparent that these Motions should be denied as moot as well.

Intelligence Surveillance Act (FISA) Court for resolution." Finally, Plaintiff alleges that in denying his benefits claim, the VA "tampered" with his records and sent a false medical record to his civilian employer.

The Defendant's Motion has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the Defendant. McNutt v. General Motors Acceptance Corp, 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F. 2d 1213, 1219 (4th Cir. 1982); United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003). "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1) . . . because 'the party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.'" Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (internal citations omitted); see also Phoenix Renovation Corp. v. Rodriguez, 403 F. Supp. 2d 510, 513 (E.D. Va. 2005).

It is fundamental under the doctrine of sovereign immunity that the United States cannot be sued without its consent. United States v. Testan, 424 U.S. 392 (1976); United States v. Sherwood, 312 U.S. 584 (1941); Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003); Richards v. United States, 176 F.3d 652, 654 (3d Cir. 1999); Beamon v. Brown, 125 F.3d 965, 967 (6th Cir. 1997). Sovereign immunity protects the United States from liability and also deprives a court of subject matter jurisdiction over claims against the United States. Richards, 176 F.3d at 654. Any governmental waiver of sovereign immunity must be unequivocal, see e.g., Franconia Assocs. v.

3

United States, 536 U.S. 129, 141 (2002); and United States v. Mitchell, 445 U.S. 535, 538 (1980), and such waivers are strictly construed. Lane v. Pena, 518 U.S. 187, 192 (1996); United States v. Williams, 514 U.S. 527, 531 (1995).

The United States has not waived its sovereign immunity as to review of Department of Veterans Affairs decisions by any court except for the United States Court of Appeals for Veterans Claims (CAVC),[2] the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. Veterans' Judicial Review Act (hereinafter "VJRA"), Pub. L. No. 100-687, Div. A, § 101, 102 Stat. 4105 (1988); In re Russell, 155 F.3d 1012, 1013 (8th Cir. 1998).

Sovereign immunity cannot be avoided by suing individual Federal departments, such as the VA. See, e.g., Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977) (per curium). Further, "[i]n deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling." Stafford v. Briggs, 444 U.S. 527, 542 n.10 (1980). Although an action may be nominally brought against a Federal agency or official, it is considered as brought against the sovereign where, as here, the judgment sought would expend itself on the public treasury or domain, interfere with the public administration, or restrain the Government from acting or compel it to act. Dugan v. Rank, 372 U.S. 609, 620 (1963); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949); Portsmouth Redevelopment and Housing Authority v. Pierce, 706 F.2d 471, 473 (4th Cir. 1983); Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005).

To the extent that plaintiff seeks monetary relief for alleged violations of his constitutional

---

[2] The Court formerly known as the United States Court of Veterans Appeals has been redesignated the United States Court of Appeals for Veterans Claims, effective March 1, 1999. Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, §§ 511(a) and 513, 112 Stat. 3315, 3341, 3342.

4

rights, the Federal courts have consistently refused to countenance damage actions against the Government based on constitutional grounds. See, e.g., Radin v. United States, 699 F.2d 681, 684-85 (4th Cir. 1983); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982); Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982); Daniel v. United States, 891 F. Supp. 600, 603 (N.D. Ga. 1995).

It is also well settled that the United States and its agencies cannot be held liable for punitive damages in the absence of express statutory authorization. Judkins v. Veterans Administration, 415 F. Supp.2d 613 (E.D. N.C. 2005); Kasprik v. United States, 87 F.3d 462, 465 (11th Cir. 1996); Bank One, Texas, N.A. v. Taylor, 970 F.2d 16, 33-34 (5th Cir. 1992); Siddiqui v. United States, 359 F.3d 1200, 1204 (9th Cir. 2004); Rohweder v. Aberdeen Prod. Credit Ass'n, 765 F.2d 109, 113 (8th Cir. 1985).

Additionally, District Court review of VA benefit determinations has long been precluded by 38 U.S.C. § 511 and its predecessors. Section 511, as amended by the VJRA and the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

In Johnson v. Robison, 415 U.S. 361, 369-73 (1974), the Supreme Court recognized Congress' two-fold purpose in enacting Section 511. That purpose is, first, to ensure that veterans' benefit claims will not burden the courts and VA with expensive and time-consuming litigation, and

5

second, to ensure that the technical and complex determinations and applications of VA policy regarding such claims will be adequately and uniformly made. Id. Accord Tietjen v. United States Veterans Admin., 884 F.2d 514 (9th Cir. 1989); DeRodulfa v. United States, 461 F.2d 1240 (D.C. Cir. 1972); and Milliken v. Gleason, 332 F.2d 122 (1st Cir. 1964).

VJRA provides a limited waiver of sovereign immunity for lawsuits seeking review of VA benefit decisions. Subject to certain stated limitations, the VJRA vests exclusive jurisdiction in the CAVC to review such decisions. See 38 U.S.C. 7252.[3]

The United States Court of Appeals for the Second Circuit has discussed the effect of the VJRA in providing for judicial review of veterans' benefit decisions in the CAVC and, on appeal, in the United States Court of Appeals for the Federal Circuit, while at the same time broadening the statutory prohibition on judicial review in other courts. Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1501 (2d Cir. 1992). In Larrabee, the Court stated:

> By providing judicial review in the Federal Circuit, Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims, while maintaining uniformity by establishing an exclusive mechanism for appellate review of decisions of the Secretary.

Id. (citations omitted). The Court then concluded that "[a]lthough district courts continue to have 'jurisdiction to hear facial challenges of legislation affecting veterans' benefits,' other constitutional

---

[3] Pursuant to 38 U.S.C. § 511(a), the Secretary of Veterans Affairs is responsible for deciding all questions concerning the provision of benefits to veterans, their dependents, or their survivors. An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals, which is the division within VA responsible for deciding appeals from decisions on claims for veterans' benefits. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.101(a). The Board of Veterans' Appeals' decision may be appealed by the claimant to the CAVC, pursuant to 38 U.S.C. § 7252(a), and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. §§ 7252(c), 7292.

and statutory claims must be pursued within the appellate mill Congress established in the VJRA." Id. (citation omitted); see also Telecommunications Research & Action Ctr. v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute").

In Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994), the Second Circuit stated that courts do not acquire jurisdiction over challenges to VA benefit determinations merely because the challenges are "cloaked in constitutional terms." The Court went on to state that neither the Privacy Act, nor the Freedom of Information Act, may be used as "a rhetorical cover to attack VA benefits determinations." Id. In other words, as in the case at bar, where a plaintiff does not challenge the constitutional validity of any statute, but only raises claims arising out of the adjudication of a benefit matter, such claims may only be pursued through the CAVC. See Zuspann v. Brown, 60 F.3d 1156, 1158-60 (5th Cir. 1995); Sugrue, 26 F.3d at 11; Hicks v. Veterans Admin., 961 F.2d 1367, 1370 (8th Cir. 1992); Menendez v. United States, 67 F. Supp. 2d 42, 47 (D.P.R. 1999) (benefit claims can only be reviewed through the mechanism established in the VJRA); State of New York v.Eadarso, 946 F. Supp. 240, 244 (E.D.N.Y. 1996) (constitutional claim against statute, "as applied," no facial challenge); and Beamon, 125 F.3d at 972-74.

Accordingly, under 38 U.S.C. § 511(a), constitutional challenges to VA regulations and procedures must be filed with the CAVC under 38 U.S.C. § 7252 or, in the case of direct review of regulations pursuant to 38 U.S.C. § 502, with the United States Court of Appeals for the Federal Circuit.

Finally, the courts continue to be vigilant in thwarting attempts by plaintiffs to hide their true causes of action to avoid the prohibitions of Section 511. In Weaver, 98 F.3d at 520, the Tenth

7

Circuit stated that it would examine the substance of allegations relating to a denial of veterans' benefits, rather than their labels, to determine their true nature. The Court dismissed allegations of conspiracy, fraud, and misrepresentation by VA officials involved in the claim adjudication process, concluding that they were, "in substance, nothing more than a challenge to the underlying benefits decision." Id. In Hicks v. Small, 69 F.3d 967, 970 (9th Cir. 1995), the Ninth Circuit affirmed the District Court's dismissal for lack of subject-matter jurisdiction of a plaintiff's tort claims under state law for outrage or intentional infliction of emotional distress. The Ninth Circuit agreed with the District Court that the plaintiff's tort claims were specifically precluded by 38 U.S.C. § 511(a) because they would have necessitated consideration of issues of law and fact involving the decision to reduce the plaintiff's benefits. 69 F.3d at 970. See also Judkins, 415 F. Supp.2d at 616-17 (granting motion to dismiss for lack of subject matter jurisdiction over a veteran's claim challenging the VA's determination of his benefits where plaintiff sought damages of $1 billion dollars for constitutional violations, negligence, punitive damages, and consequential damages, arising out of a decision on his benefits by the VA); and Murrhee v. Principi, 364 F. Supp. 2d 782, 787 (C.D. Ill. 2005) ("a plaintiff cannot avoid Section 511(a) by disguising his benefits claim in constitutional clothing").

Accordingly, there being no basis for the Court to exercise subject-matter jurisdiction over what amounts to an appeal of the Defendant's decision to deny Plaintiff's claim for VA benefits, the undersigned respectfully recommends that the Defendant's Motion to Dismiss be granted.

## III. ORDER

**IT IS ORDERED** that:

1. The Plaintiff's "Motion for Expedited Hearing" (document #10); "Motion for Removal of Traffic Violation Pending in State Court" (document #11); second "Motion for Expedited Hearing" (document #14); "Motion to Object to Any Further Extension" (document #17); and "Motion to Request a Jury Trial" (document #22) are **DENIED AS MOOT**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss ..." (document #21) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the <u>pro se</u> Plaintiff, to counsel for the Defendant; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: April 16, 2009

David S. Cayer
United States Magistrate Judge