# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:08-cv-394-RJC

| | |
|---|---|
| NATHANIEL COOPER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| THE DEPARTMENT OF VETERAN AFFAIRS, | ) |
| | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss and Memorandum in Support thereof (Doc. No. 21), *pro se* Plaintiff's Response (Doc. No. 23) and sundry other Motions filed by *pro se* Plaintiff: a Motion for Expedited Hearing (Doc. No. 10), a Motion for Removal of Traffic Violation Pending in State Court (Doc. No. 11), a second Motion for Expedited Hearing (Doc No. 14), a Motion to Object to Any Further Extension (Doc. No. 17), and a Motion to Request a Jury Trial (Doc. No. 22). The magistrate judge entered a Memorandum and Recommendation and Order ("M&R&O") (Doc No. 24), recommending that Defendant's Motion to Dismiss be granted and denying Plaintiff's aforementioned non-dispositive Motions.[1] For the reasons that follow, this Court affirms the magistrate judge's M&R&O.

**I.  BACKGROUND**

*Pro se* Plaintiff Nathaniel Cooper, who is allegedly a Vietnam veteran, filed a Complaint claiming that Defendant, the Department of Veterans Affairs ("VA"), acted intentionally and illegally in denying his claim for VA benefits, violated his constitutional and civil rights, and harmed

---

[1] *Pro se* Plaintiff also filed four Motions for Summary Judgment (Doc. Nos. 13, 19, 20 & 23), which were not referred to the magistrate judge who authored the M&O. However, because the Court lacks subject-matter jurisdiction over Plaintiff's claims, as discussed in the M&O, these Motions should be denied as moot as well.

his reputation in the community. Subsequently, Defendant filed a Motion to Dismiss, averring that this Court lacks subject-matter jurisdiction of individual VA benefits determinations. In his Response, Plaintiff elaborated on his prior allegations.

As there were no objections to the facts as found by the magistrate, this Court adopts the additional facts as stated in the M&R&O.

## I.    Standard of Review

Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 198 (4th Cir. 1983). However, *de novo* review is not required by statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Additionally, the statute does not explicitly require review of those issues that are not the subject of a specific objection. Thomas v. Arn, 474 U.S. 140, 149 (1985).

A *pro se* complaint shall be construed more liberally than a complaint filed by a licensed attorney. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). However, this principle "does not require [district] courts to conjure up questions never squarely presented to them." Id. Accordingly, this Court must construe *pro se* Plaintiff's complaint liberally to ensure that "meritorious claims are not tripped up in court on technical niceties," yet need not "anticipate all

arguments that clever counsel may present in some appellate future." Id.

### III.	CONCLUSION

Even in light of the leniency granted to Plaintiff's filings, this Court finds that Plaintiff did not make sufficiently clear objections. Plaintiff filed objections to the M&R&O, but because he did not make sufficiently clear objections, this Court need only conduct a clear error review of the magistrate judge's M&R&O. See Orpiano, 687 F.2d at 47. This Court finds that the magistrate judge made no clear error in his recommendation that Defendant's Motion to Dismiss be granted.

This Court finds, after a careful review of the record in this case, that the magistrate judge's findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law. Thus, this Court hereby accepts the M&R&O of the magistrate judge and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motions for Summary Judgment are **DENIED** as moot.

Signed: July 6, 2009

Robert J. Conrad, Jr.
Chief United States District Judge